UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UMG RECORDINGS, INC.; CAPITOL
RECORDS, LLC; INTERSCOPE RECORDS;
MOTOWN RECORD COMPANY, L.P.;
and SONY MUSIC ENTERTAINMENT,

                                  Plaintiffs,

v.                                                 1:08-CV-0765
                                                 (GTS/RFT)

KIMBERLY FRAWLEY,

                                  Defendant.
_____

APPEARANCES:                              OF COUNSEL:

LECLAIR KORONA GIORDANO COLE, LLP      STEVEN E. COLE, ESQ.
  Counsel for Plaintiff
150 State Street, Suite 300
Rochester, New York 14614

LAW OFFICES OF RICHARD A. ALTMAN       RICHARD A. ALTMAN, ESQ.
  Counsel for Defendant
285 West Fourth Street
New York, New York 10014

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

        Currently before the Court in this copyright infringement action, filed by the five above-

captioned entities ("Plaintiff's) against Kimberly Frawley ("Defendant") pursuant to 17 U.S.C. §

101 *et seq.*, is Defendant's motion to dismiss Plaintiffs' Amended Complaint based on

insufficient service of process and/or based on the expiration of the relevant statute of

limitations.  (Dkt. No. 63.)  For the reasons set forth below, Defendant's motion is denied, and

Plaintiffs are granted additional time to properly serve Defendant.

# I.      RELEVANT BACKGROUND

## A.      Plaintiffs' Claims

Plaintiffs filed their Complaint in this action on July 17, 2008 (Dkt. No. 1), and an

Amended Complaint on June 28, 2010 (Dkt. No. 53).  Generally, liberally construed, Plaintiffs'

Amended Complaint alleges that, on April 12, 2007, Defendant used a peer-to-peer ("P2P")

network to intentionally download and/or distribute numerous sound recordings copyrighted by

Plaintiffs.  (*See generally* Dkt. No. 53 [Plfs.' Am. Compl.].)  Based on this factual allegation,

Plaintiffs' Amended Complaint asserts a copyright infringement claim against Defendant under

17 U.S.C. § 501 *et seq*.  (*Id*.)  Familiarity with the other factual allegations supporting this claim

in Plaintiffs' Amended Complaint is assumed in this Decision and Order, which is intended

primarily for review by the parties.  (*Id*.)

## B.      Defendant's Motion

On November 15, 2010, Defendant filed a motion to dismiss Plaintiffs' Amended

Complaint based on insufficient service of process, and/or based on the expiration of the three-

year limitations period set forth in 17 U.S.C. § 507(b).  (Dkt. No. 63, Attach. 11, at 3, 10, 15

[Def.'s Memo. of Law].)  Generally, in support of her motion, Defendant argues that the Court

should dismiss Plaintiff's Amended Complaint (and this action) for the following two alternative

reasons: (1) the Court lacks personal jurisdiction over Defendant because Plaintiffs' service of

process on her was insufficient under Fed. R. Civ. P. 4(e) and N.Y. C.P.L.R. § 308, and Plaintiffs

have failed to show good cause for an extension of time to serve under Fed. R. Civ. P. 4(m);

and/or (2) the three-year limitations period set forth in 17 U.S.C. § 507(b) bars the assertion of

the copyright claim in Plaintiffs' Amended Complaint because (a) the three-year limitations

period started running, at the latest, on April 12, 2007 (when the alleged infringement was discovered) or earlier (when the alleged infringement occurred) and (absent the availability of equitable tolling or the "relation back" doctrine) expired on April 12, 2010, approximately two and a half months before Plaintiffs filed their Amended Complaint on June 28, 2010, (b) equitable tolling does not apply under the circumstances, and (c) the copyright infringement claim by the five above-captioned entities against Kimberly Frawley in the Amended Complaint does not "relate back" to the copyright infringement claim by thirteen entities, including the five above-captioned entities, against "Doe # 3" in the original Complaint.  (*See generally* Dkt. No. 63, Attach. 11.)

On November 11, 2010, Plaintiffs filed a response to Defendant's motion.  (Dkt. No. 64.) Generally, in their response, Plaintiffs argue as follows: (1) service of process on Defendant was sufficient under N.Y. C.P.L.R. § 308 in large part because it is undisputed that she was a college student at the time in question, and, even if service was not sufficient, good cause exists to grant Plaintiffs an extension of time to serve under Fed. R. Civ. P. 4(m);[1] and (2) Plaintiffs' Amended Complaint is timely because either (a) the statute of limitations for the copyright infringement claim asserted in that Amended Complaint should be equitably tolled for the duration of the stay of discovery that ensued following the filing of Defendant's appeal to the Second Circuit (regarding the denial of her motion to quash Plaintiffs' subpoena of SUNY-Albany), or (b) that Amended Complaint "relates back" to Plaintiff's original Complaint under the Supreme Court's recent decision in *Krupski v. Costa Crociere*, 130 S. Ct. 2485 (2010), and its progeny.  (*See*

---

[1]      In the alternative, Plaintiffs argue that, because (at the very least) questions of fact exist on this issue, they should be granted leave to conduct discovery on this issue before dismissal occurs.  (Dkt. No. 64, at 11-12.)

*generally* Dkt. No. 64.)[2]

On December 6, 2010, Defendant filed a reply to Plaintiffs' response.  (Dkt. No. 65.)
Generally, in her reply, Defendant argues as follows: (1) service of process on Defendant was
not sufficient under N.Y. C.P.L.R. § 308 because she was not a student at SUNY Albany at the
time in question, did not reside at her parents' home, and had moved to Michigan (although she
was taking summer classes in Ohio), and Plaintiffs are not entitled to an extension of time to
serve because they requested the extension after the expiration of the 120-day deadline imposed
by Fed. R. Civ. P. 4(m), and they have failed to offer colorable reasons for neglecting to serve
Defendant in a timely fashion; and (2) Plaintiffs are not entitled to equitable tolling because the
stay of discovery referenced by Plaintiffs did not prevent them from uncovering Defendant's
identity, and the Supreme Court's recent decision in *Krupski v. Costa Crociere*, 130 S.Ct. 2485
(2010), does not upset Defendant's argument that Plaintiffs' Amended Complaint does not
"relate back."  (*Id*.)

On December 14, 2010, Plaintiffs filed a motion for leave to file a sur-reply,
accompanied by the proposed sur-reply.  (Dkt. No. 66.)  That same day, Defendant filed an
opposition to that motion, and a request to strike the proposed sur-reply and to impose sanctions
on Plaintiffs for attaching two email messages from defense counsel containing confidential
settlement communications.  (Dkt. No. 67.)  On December 15, 2010, the Court conditionally
granted Plaintiffs' motion for leave to file a sur-reply stating that, when deciding Defendant's
underlying motion to dismiss, should the Court agree with Defendant's objections to Plaintiff's
motion for leave to file a sur-reply, the Court will *sua sponte* reconsider its granting of Plaintiff's
motion, and consider Defendant's request for sanctions.  (Text Order filed Dec. 15, 2010.)

_____

[2]       Plaintiffs also argue that their claims accrued upon their discovery of Plaintiff's
infringement, which occurred at some unidentified date after April 12, 2007.  (Dkt. No. 64, at
15.)

4

## II.     GOVERNING LEGAL STANDARDS

There appears to be some confusion regarding which rules serve as the proper bases of Defendant's motion.  Defendant asserts that her motion arises under Fed. R. Civ. P. 12(c), apparently because her motion was filed after her Answer was filed and because the two defenses on which her motion is assertedly based are listed in Fed. R. Civ. P. 12(b): (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (due to insufficient service of process under Fed. R. Civ. P. 4[e] and N.Y. C.P.L.R. § 308); and (2) the expiration of the statute of limitations pursuant an unspecified defense listed in Fed. R. Civ. P. 12(b).  (Dkt. No. 63; Dkt. No. 63, Attach. 11, at 3.)

In light of this assertion, three points of clarification need to be made regarding the bases of, and legal standards governing, Defendant's motion.  First, the specific defense listed in Fed. R. Civ. P. 12(b) that the Court perceives as serving as the basis for Defendant's statute-of-limitations argument is Fed. R. Civ. P. 12(b)(6): failure to state a claim upon which relief can be granted.  5 Wright & Miller, *Fed. Practice & Proc*. § 1226, at 306 & n.10 (West 3d ed. 2004) ("[A]lthough the statute of limitations is designated in Rule 8(c) as an affirmative defense, the current trend in the cases is to allow it to be raised by a motion to dismiss under Rule 12(b)(6) when the defect appears on the face of the complaint.") (citing cases).[3]  For the sake of brevity, the Court will not recite the well-known legal standard governing a motion based on such a defense (including a motion filed pursuant to Fed. R. Civ. P. 12[c]), except to refer the reader to the Court's recent decision in *Bridgeforth v. Popovics*, 09-CV-0545, 2011 WL 2133661, at *2-4 (N.D.N.Y. May 25, 2011) (Suddaby, J.), which accurately recites that legal standard.

---

[3]      *See, e.g.*, *Santos v. Dist. Council of New York City*, 619 F.2d 963, 967, n.4 (2d Cir. 1980) ("The limitations defense, of course, may be raised in a pre-answer motion pursuant to Fed. R. Civ. P. 12(b)(6). Such a motion is well-grounded if it appears on the face of the complaint that the cause of action has not been brought within the statute of limitations.").

Second, Defendant's argument that service of process was insufficient (in that she was

never successfully served with process under Fed. R. Civ. P. 4[e] and N.Y. C.P.L.R. § 308) more

properly gives rise, in the Court's view, to the defense of "insufficient service of process" under

Fed. R. Civ. P. 12(b)(5), rather than the defense of "lack of personal jurisdiction" under Fed. R.

Civ. P. 12(b)(2).  This is because the former appears to have been designed to challenge

irregularities in the manner of delivery of the summons and complaint, while the latter appears to

have been designed to challenge personal jurisdiction allegedly obtained pursuant to a long-arm

statute.  5B Wright & Miller, *Fed. Practice & Proc*. § 1353, at 334-38 (West 3d ed. 2004).[4]

However, as perhaps is often the case, this perceived misdesignation is immaterial to the Court's

analysis of Defendant's argument, under the circumstances.  *Id*. at 339.  The general legal

standard governing a motion brought pursuant to Fed. R. Civ. P. 12(b)(2) is the same to the

general legal standard governing a motion brought pursuant to Fed. R. Civ. P. 12(b)(5): the court

must look to matters outside the pleadings to determine the merits of whether the court lacks

personal jurisdiction and/or service of process was insufficient; the plaintiff bears the burden of

demonstrating that the court has personal jurisdiction and/or service was sufficient; and, where

the court has not held an evidentiary hearing on the issue, to survive dismissal, the plaintiff need

only establish a *prima facie* case of personal jurisdiction or sufficient service (based on sworn

---

[4]        *See also Anderson v. Sullivan*, 03-CV-4064, 2005 WL 1123772, at *3 (E.D.N.Y.
May 9, 2005); *Bellis v. Tokio Marine and Fire Ins. Co., Ltd.*, 93-CV-6549, 2002 WL 193149, at
*15 (S.D.N.Y. Feb. 7, 2002); *Yangming Marine Transp. Corp. v. Formost Int'l, Inc.*, 88-CV-
1318, 1990 WL 17729, at *1 (S.D.N.Y. Feb. 16, 1990); *Scriptomatic, Inc. v. Agfa-Gevaert, Inc.*,
72-CV-4482, 1973 WL 830, at *2 (S.D.N.Y. Jun 28, 1973); *Albert Levine Assoc., Inc. v. Hudson*,
43 F.R.D. 392, 393 (S.D.N.Y. 1967).

affidavits or other competent evidence).[5]  Moreover, Defendant's legal argument in favor of

dismissal for lack of personal jurisdiction is based on the asserted insufficiency of Plaintiffs'

service of process.  As a result, the key issue on this part of Defendant's motion (regardless of

whether that part is construed as arising under Fed. R. Civ. P. 12[b][2] or Fed. R. Civ. P.

12[b][5]) is whether Plaintiffs' service of process on Defendant was insufficient under Fed. R.

Civ. P. 4(e) and N.Y. C.P.L.R. § 308, and whether grounds exist to grant Plaintiffs an extension

of time to serve under Fed. R. Civ. P. 4(m).

Third, a strong argument can be made that, while a motion to dismiss relying on the

defense listed in Fed. R. Civ. P. 12(b)(6) may certainly be filed post-Answer pursuant to Fed. R.

Civ. P. 12(h)(2) and Fed. R. Civ. P. 12(c),[6] a motion to dismiss relying on the defenses listed in

either Fed. R. Civ. P. 12(b)(2) or Fed. R. Civ. P. 12(b)(5) may *not* be filed post-Answer pursuant

to Fed. R. Civ. P. 12(c).  Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must

be made before pleading if a responsive pleading is allowed.").[7]  Rather, one might credibly

---

[5]     *Compare Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566-67 (2d
Cir. 1996) (reciting standard on motion to dismiss for lack of personal jurisdiction pursuant to
Fed. R. Civ. P. 12[b][2]) *with Primary Succession Capital, LLC v. Schaeffler, KG,* 09-CV-0735,
2010 WL 4236948, at *1 (S.D.N.Y. Oct. 26, 2010) (reciting standard on motion to dismiss for
insufficient service of process pursuant to Fed. R. Civ. P. 12[b][5]).

[6]     *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be
granted . . . may be raised . . . by a motion under Rule 12(c) . . . .").

[7]     *See also* 5C Wright & Miller, *Fed. Practice & Proc.* § 1367, at 216 (West 3d ed.
2004) ("The Rule 12(c) motion may be employed by the defendant as a vehicle for raising [only]
*several* of the defenses enumerated in Rule 12(b) after the close of the pleadings [specifically,
those defenses listed in Fed. R. Civ. P. 12(1), (6) and (7), authorized pursuant to the express
terms of Fed. R. Civ. P. 12(h)(2) and (3)].") (emphasis added); *see, e.g., Shong Ching Lau v.
Change,* 415 F. Supp. 627, 629, n.2 (E.D. Pa. 1976) ("[T]he contentions raised in support of
defendant's motion– namely, lack of personal jurisdiction, insufficiency of process and
insufficiency of service of process–are not properly raised in a motion for judgment on the
pleadings [pursuant to Fed. R. Civ. P. 12(c)]."). *cf. Dimet Proprietary, Ltd. v. Indus. Metal
Protectives,* 109 F. Supp. 472, 475 (D. Del. 1952) ("It is quite apparent that since judgments on
the pleadings, under Rule 12(c), are heard on the pleadings, no extraneous matters are

argue, a motion relying on either of those two defenses may be filed only pre-Answer pursuant to Fed. R. Civ. P. 12(b) or post-Answer pursuant to Fed. R. Civ. P. 56 (after a reasonable opportunity for relevant discovery has occurred)–not post-answer pursuant to Fed. R. Civ. P. 12(c).[8]  Courts often step around this thorny issue by characterizing such a post-Answer motion as being filed pursuant to Fed. R. Civ. P. 12(b) but simply being "untimely"; then the courts excuse the "untimeliness."  5C Wright & Miller, *Fed. Practice & Proc.* § 1361, at 93-94 & n.7 (West 3d ed. 2004) (collecting cases).  This Court is not inclined to find that such a post-Answer motion could be deemed to be both "filed pursuant to Fed. R. Civ. P. 12(b)" *and* "untimely" when Fed. R. Civ. P. 12(b) rather clearly explains that motions that are untimely (in that they are filed post-Answer) are not, in fact, filed pursuant to Fed. R. Civ. P. 12(b).  However, again, the Court need not resolve this issue because, regardless of whether Defendant's argument is construed as having been presented to the Court by a motion filed pursuant to Fed. R. Civ. P. 12(b) or a motion filed pursuant to Fed. R. Civ. P. 12(c), the legal standard governing that motion (which is described above) is the same.

---

considered.  It is equally apparent that motions made under certain paragraphs of 12(b), viz., sub-paragraphs 2 to 5, . . . contemplate extraneous affidavits or other matters and are not determined on the pleadings alone.  Obviously, motions under some of these provisions could not be determined on the complaint alone.").

[8]     *See*, *e.g.*, *Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307-08 (N.D.N.Y. 2003) (Munson, S.J.) ("Because a judgment on the pleadings focuses on the pleadings themselves, and not on matters outside of the pleadings such as affidavits, a motion for judgment on the pleadings is not well-suited for the determination of whether the court lacks personal jurisdiction over defendant Ice Ban USA, Inc. in this action. . . .  The parties hereto have presented matters outside the pleadings to and not excluded by the court, therefore, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.").

## IV.    ANALYSIS

### A.    Service of Process

As stated above in Part I.B. of this Decision and Order, Defendant seeks the dismissal of

Plaintiffs' Amended Complaint based on their asserted failure to properly serve her in

accordance with Fed. R. Civ. P. 4(e) and N.Y. C.P.L.R. § 308, and their asserted failure to show

good cause for an extension of time to serve under Fed. R. Civ. P. 4(m).

Rule 4(e) of the Federal Rules of Civil Procedure provides as follows:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
>> **(1)** *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made*; or
>>
>> **(2)** doing any of the following:
>>
>>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).

The relevant state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the Northern District of New York is located is N.Y. C.P.L.R. §

308.  That state law provides as follows, in pertinent part:

**Personal service upon a natural person.**

Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ; or

. . .

4. *where service under paragraphs one and two cannot be made with due diligence*, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .

N.Y. C.P.L.R. § 308 (emphasis added).

Rule 4(m) of the Federal Rules of Civil Procedure provides as follows, in pertinent part:

**(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added).

### 1.      Whether Service Was Sufficient Under N.Y. C.P.L.R. § 308(4)

Plaintiffs argue that service of process was sufficient because it complied with the "nail and mail" method permitted by N.Y. C.P.L.R. § 308(4).  (Dkt. No. 64, at 6-9.)  However, § 308(4) explicitly states that this method is appropriate only "where service under [§ 308(1)] and [§ 308(2)] cannot be made with *due diligence*."  N.Y. C.P.L.R. § 308(4) (emphasis added).  "The

due diligence requirement of [N.Y.] CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received." *Gurevitch v. Goodman*, 702 N.Y.S.2d 634, 635 (N.Y. App. Div., 2d Dept., 2000) (citing cases).

Generally, the due diligence requirement of § 308(4) refers to the quality of the efforts made to effect personal service, and not to their quantity or frequency. *Barnes v. City of New York*, 416 N.Y.S.2d 52, 54 (N.Y. App. Div., 2d Dept., 1979), *aff'd*, 434 N.Y.S.2d 991 (N.Y. 1980). For this reason, multiple unsuccessful attempts at § 308(1) service or § 308(2) service are required before "due diligence" pursuant to § 308(4) may be deemed to have been exercised.[9] Moreover, to satisfy the "due diligence" requirement of § 308(4), it must be shown that the process server made "genuine inquiries" about the defendant's whereabouts and place of employment. *Estate of Waterman v. Jones*, 843 N.Y.S.2d 462, 465 (N.Y. App. Div., 2d Dept., 2007) (citing cases); *see, e.g., Gurevitch*, 702 N.Y.S.2d 634 (finding that process server's failure to demonstrate efforts to ascertain defendant's business address and effectuate service there constituted a lack of due diligence).

Here, the record evidence establishes the following facts. On May 19, 2010, SUNY advised Plaintiffs of Defendant's address of record, in response to a subpoena from Plaintiffs. (Dkt. No. 64, Attach. 1, at 6-8.) On May 26, 2010, Plaintiffs performed an online search of Defendant's address of record on a public records database, and discovered the same address as

---

[9]        *Compare Krisilas v. Mount Sinai Hosp.*, 882 N.Y.S.2d 186, 188 (N.Y. 2009) (finding that three attempts to serve defendant at work were inadequate, because process server did not seek to determine when defendant would be present) *and Spath v. Zack*, 829 N.Y.S.2d 19, 21-22 (N.Y. App. Div., 1st Dept., 2007) (finding that three attempts to serve defendant at purported place of residence and lack of investigation as to defendant's place of business constituted a lack of due diligence) *with State Higher Educ. Servs. Corp. v. Sparozic*, 826 N.Y.S.2d 493, 496 (N.Y. App. Div., 3d Dept., 2006) (finding that due diligence was undertaken based upon three separate attempts at service during different times of day over several days though this constituted "a very close case").

provided by SUNY.  (*Id.* at 9-17.)  In addition, Plaintiffs discovered that Defendant had a car

registered at that address.  (*Id.*)  On July 16, 2010, Plaintiffs' process server attempted to serve

Defendant at that address.  (Dkt. No. 57.)  Defendant's mother, the owner of the residence at the

address in question, told the process server that Defendant did not reside there anymore and that

Defendant was attending school; however, Defendant's mother neither gave the process server

Defendant's address at school nor accepted service on Defendant's behalf.  (*Id.; see also* Dkt.

No. 63, Attach 10.)  The process server then conducted a postal trace and confirmed that

Defendant continues to receive mail at the address in question.  (Dkt. No. 57.)  On July 20, 2010,

the process server attempted to effect service by the "nail and mail" method permitted by N.Y.

C.P.L.R. § 308(4).  (Dkt. No. 63, Attach 10.)  Apparently because the 21-day deadline for the

filing of an Answer was approaching and no Answer had yet been filed, on August 3, 2010,

Defendants performed a second online search of Defendant's address of record on a public

records database, and confirmed that Defendant's address of record was indeed the address in

question.  (Dkt. No. 64, Attach. 1, at 18-26.)  In addition, on August 9, 2010, Plaintiffs' counsel

sent an email message to defense counsel asking, if he "disagree[d]" that service was sufficient,

whether he would either accept service on behalf of Defendant or provide her current address.

(Dkt. No. 63, Attachs. 1, 6, 7.)  That same day, defense counsel informed Plaintiffs' counsel that

he did indeed disagree that service was sufficient, and that he would do neither of the two things

Plaintiffs' counsel requested.  (*Id.*)  Plaintiffs appear to have made no subsequent efforts to serve

Defendant.  (*See generally* Dkt. Nos. 63-65.)

 The record contains no evidence that Plaintiffs made a second attempt at in-hand service

at the address in question, or that Plaintiffs made any further attempt to discover Defendant's

school or any place of work (e.g., by requesting SUNY to identify any school to which it had

forwarded transcripts, at Defendant's request), other than their efforts of August 3 and 9, 2010.

(*See generally* Dkt. Nos. 63, 64, 65)  As a result, while this may be somewhat of a close call, the Court is simply not able, based on the current record, to conclude that Plaintiffs exercised "due diligence" before resorting to § 308(4)'s "nail and mail" method.  *Cf. Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662, 666 (D. Vt. 1996) ("When there is a single defective attempt at service never followed by an attempt to correct service within the 120 day time frame, the plaintiff's efforts cannot be considered reasonable.").[10]

For these reasons, the Court finds that Plaintiffs' service of process was not sufficient N.Y. C.P.L.R. § 308(4).[11]

### 2.     Whether Plaintiffs Have Shown Good Cause for an Extension of Time to Serve Under Fed. R. Civ. P. 4(m)

Plaintiffs argue that good cause exists to grant them an extension of time to serve under Fed. R. Civ. P. 4(m) given the following facts: (1) Plaintiffs have repeatedly tried to learn of Defendant's address; (2) Defendant has repeatedly tried to hide from Plaintiffs, (3) Plaintiffs believed in good faith that they had discovered Defendant's correct address; (4) the statute of limitations might otherwise bar the claim in question; (5) Defendant had actual notice of the claim, and an actual copy of the process, after the time in question; and (6) Defendant points to no prejudice that would result from extending the service deadline.  (Dkt. No. 64, at 11-13.)

---

[10]     While Plaintiffs and Defendant focus their arguments primarily on the definition of a "residence" as that word is used within § 308(4), service under that subsection could not have proper without due diligence and therefore the Court need not, and does not, reach this issue.

[11]     The Court notes that the fact that Defendant had actual notice of the claims against her during the time in question, and the fact that she subsequently received the Amended Complaint through her attorney, are irrelevant to the propriety of service.  *See Feinstein v. Bergner*, 48 N.Y.2d 234, 241 (N.Y. 1979) ("[N]otice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court.").

Defendant replies that good cause does not exist given the following facts: (1) Plaintiffs could not have believed in good faith that they had discovered Defendant's correct address, because they were informed by her mother that it was the incorrect address; (2) Plaintiffs did not act with diligence because, on May 13 and 14, 2010, defense counsel offered to disclose Defendant's identity and accept service on her behalf, but Plaintiffs rejected that offer on June 7, 2010; (3) Plaintiffs did not act with diligence because they learned of the defect in service on August 9, 2010, but failed to cure it within the available time period; and (4) extending the service deadline would indeed prejudice Defendant, by forcing her to defend the merits of Plaintiffs' claim.  (Dkt. No. 65, at 6-9; *see also* Dkt. No. 63, Attachs. 1, 6, 7.)

In the Second Circuit, courts examine only two factors in determining whether good cause exists to extend the service deadline under Fed. R. Civ. P. 4(m): (1) the reasonableness and diligence of the plaintiff's efforts to serve, and (2) the prejudice to the defendants from the delay. *Gordon v. Hunt*, 116 F.R.D. 313, 318-21 (S.D.N.Y.), *aff'd*, 835 F.2d 452 (2d Cir. 1987) (per curiam), *cert. denied*, 486 U.S. 1008 (1988).[12]  As a result, several of the arguments advanced above by Plaintiffs are not appropriately considered here, but will be addressed in the next part of this Decision and Order.

Taking the second of the two relevant factors first, the Court has difficulty seeing how "having to defend" against Plaintiffs' claim can, itself, constitute prejudice, where such a burden would always exist under the circumstances (unless defendant had consented to a judgment against itself).  *See Jackson v. Foley*, 156 F.R.D. 545, 547-48 (E.D.N.Y. 1994) (not considering

---

[12]        *Accord, Lab Crafters, Inc. v. Flow Safe, Inc.,* 233 F.R.D. 282, 284-85 (E.D.N.Y. 2005); *Blessinger v. U.S.,* 174 F.R.D. 29, 30 (E.D.N.Y.1997); *Timmons v. N.Y.S. Dept. of Corr. Servs.*, 89-CV-6400, 1993 WL 118517, at *3 (S.D.N.Y. Apr. 13, 1993); *Nat'l Fire Ins. Co. of Pittsburgh, P.A., v. Barney Assoc.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990); *Reed Holdings Inc. v. O.P.C. Corp.*, 122 F.R.D. 441, 444 (S.D.N.Y. 1988) (Walker, J.).

such a burden as constituting prejudice, but focusing only on whether defendant received actual notice of claim); *Itel Container Intern. Corp. v. Atlanttrafik Exp. Serv., Ltd.*, 686 F. Supp. 438, 444 (S.D.N.Y. 1988) (equating prejudice to actual notice); *cf. Turrisi v. Wechsler & Krumholz, Inc.*, 86-CV-6791, 1988 WL 78325, *1 (S.D.N.Y. July 13, 1988) (not finding prejudice, despite defendant's resulting duty to defend), *accord, Geller v. Newell*, 602 F. Supp. 501, 502 (S.D.N.Y. 1984).  However, "[l]ack of prejudice alone is insufficient; a plaintiff must also show a reasonable and diligent attempt at service." *Fried v. N.Y.S. Office of Children and Family Servs.*, 05-CV-5522, 2008 WL 4360749, at *9 (E.D.N.Y. Sept. 24, 2008).

Proceeding to the first of the two above-stated factors, the Court is (again) not able, based on the current record, to conclude that Plaintiffs exercised "reasonableness" and "due diligence" in their efforts to serve.  The Court reaches this conclusion for the reasons stated above in Part IV.A.1. of this Decision and Order.  The Court notes that, when Plaintiffs acquired reason to believe that service of process was insufficient, there was more that they could have reasonably done than simply run a second online search of Defendant's address of record on a public records database on August 3, 2010, and attempt to persuade defense counsel to accept service on behalf of Defendant on August 10, 2010.  (Dkt. No. 63, Attachs. 1, 6, 7; Dkt. No. 64, Attach. 1, at 18-26.)[13]  The Court notes also that, to satisfy the "due diligence" requirement, Plaintiff must show more than mere attorney "inadvertence, neglect, or mistake." *Lab Crafters, Inc. v.*

---

[13]        *See, e.g.*, Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."); N.Y. C.P.L.R. § 308(5) ("Personal service upon a natural person shall be made by any of the following methods: . . . in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section."); *Benjamin v. Elbaz*, 1998 WL 713422, at *1 (N.D.N.Y., October 07, 1998) (holding that the use of § 308(5) alternate service as ordered by magistrate judge was sufficient to establish jurisdiction over defendant); *Comind Participacoes, S.A. v. Terry*, 1993 WL 138952, at *2-3 (S.D.N.Y., April 27, 1993) (same).

*Flow Safe, Inc.,* 233 F.R.D. 282, 284-85 (E.D.N.Y. 2005) (citation omitted).

For these reasons, the Court finds that Plaintiffs have not shown good cause for an extension of time to serve under Fed. R. Civ. P. 4(m).

### 3.     Whether the Circumstances Warrant a Discretionary Extension to Properly Serve Defendant

In arguing for and against the grant of a discretionary extension under Fed. R. Civ. P. 4(m), the parties advance the same arguments as recited above at the start of Part IV.A.2. of this Decision and Order.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*." Fed. R. Civ. P. 4(m) (emphasis added).  The Advisory Committee Notes to Fed. R. Civ. P. 4 explain that this language confers upon district courts the authority "to relieve a plaintiff of the consequences of an application of . . . [Subdivision (m)] even if there is no good cause shown."  Fed. R. Civ. P. 4, 1993 Advis. Comm. Notes to Subdivision (m); *see also Zapata v. City of New York*,  502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause. . . .  The first clause of Rule 4(m), which makes no mention of good cause, grants discretion to district courts in a backhanded fashion by dictating that they 'shall' take a certain action once 120 days have passed without service: they must decide to dismiss . . .  or decide not to dismiss. But no criteria for this decision are supplied in the rule itself; this silence commits extensions in the absence of good cause, like determinations on the presence of good cause, to the sound discretion of the district court.").[14]

---

[14]      *See also Henderson v. United States,* 517 U.S. 654, 662-63 (1996) ("[I]n [the] 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown.") (internal quotation marks and citations omitted).

In the Second Circuit, factors that may be considered in determining whether a discretionary extension is appropriate under Fed. R. Civ. P. 4(m) include the following: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in, or otherwise evade, service; and (4) whether the defendant would be prejudiced by granting plaintiff's request for relief from the provision.  *Kalra v. City of New York*, 05-CV-1563, 2009 WL 857391, at *3 (S.D.N.Y. Mar. 31, 2009) (reciting four factors, except "or otherwise evade" language);[15] Fed. R. Civ. P. 4, 1993 Advis. Comm. Notes to Subdivision (m) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant *is evading service* or conceals a defect in attempted service.") (emphasis added).[16]

Here, the Court finds that the first factor (i.e., whether the applicable statute of limitations would bar the refiled action) is neutral.  This is because, while the statute of limitations would otherwise bar Plaintiffs' claim, it would likely not do so under the circumstances in light of the principles of equitable tolling.  *See*, *infra*, Part IV.B. of this Decision and Order.

However, the Court finds that the second factor (i.e., whether the defendant had actual notice of the claims asserted in the complaint) weighs strongly in favor of granting a

---

[15]     *Accord, Bunim v. City of New York*, 05-CV- 1562, 2006 WL 2056386, at *1 (S.D.N.Y. July 21, 2006); *Alvarado v. Am. Freightways, Inc.*, 04-CV-9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005); *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006); *Carroll v. Certified Moving & Storage, Co., LLC*, 04-CV-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005); *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y.1999).

[16]     *Cf. Zeballos v. Tan* , 06-CV-1268, 2006 WL 1975995, at *6 (S.D.N.Y. July 10, 2006) (Lynch, J.) (considering whether defendant "attempted to evade service," as part of analysis in question), *accord, Naglieri v. Valley Stream Cent. High Sch. Dist.*, 05-CV-1989, 2006 WL 1582144, at *4 (E.D.N.Y. May 26, 2006); *Coram Healthcare Corp. v. Cigna Healthcare Corp.*, 00-CV-2677, 2002 WL 32910044, at *9 (S.D.N.Y. July 24, 2002).

discretionary extension.  This is because Defendant had actual notice of the claim, and an actual copy of the process, before the time for service expired.  Indeed, Defendant had been litigating this action as "Doe #3" since October 1, 2008.

Moreover, the Court finds that the third factor (i.e., whether the defendant attempted to conceal the defect in, or otherwise evade, service) weighs slightly in favor of granting a discretionary extension.  This is because, while defense counsel promptly identified the defect in service when the question was directly presented to him on August 9, 2010, prior to that time, Defendant rather consistently tried to *frustrate* Plaintiffs' attempts at learning her identity and successfully serving her.  Defendant did so through the following actions: (1) moving to quash Plaintiffs' subpoena aimed at discovering Defendant's identity; (2) filing an appeal with the undersigned from United States Magistrate Judge Randolph F. Treece's decision denying that motion to quash; (3) filing an appeal with the Second Circuit from the undersigned decision affirming the decision of Magistrate Judge Treece; (4) not encouraging a third party (specifically, her mother) to disclose her current address to Plaintiffs' process server after July 16, 2010; and (5) failing to *sua sponte* notify Plaintiffs that service was defective between July 20, 2010, and August 9, 2010.  *Cf. Bessinger v. U.S.*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997) (finding that U.S. Coast Guard passively evaded service of its members by "[knowing] both the suit and the individuals involved, and [making] no effort to assist in service").

In addition, the Court finds that the fourth factor (i.e., whether the defendant would be prejudiced by granting plaintiff's request for relief from the provision) weighs in favor of granting a discretionary extension.  The Court reaches this conclusion for the reasons stated above in Part IV.A.2. of this Decision and Order.  The Court would add only that any argument that "not permitting [a defendant] to take advantage of an expired statute of limitations is itself a form of prejudice . . . is erroneous."  *AIG Managed Market Neutral Fund v. Askin Capital*

*Management, L.P.*, 197 F.R.D. 104, 111 (S.D.N.Y. 2000).

Furthermore, even if the Court were to assume that a plaintiff's good faith and due diligence are factors that may be considered in determining whether a discretionary extension is appropriate under Fed. R. Civ. P. 4(m), the Court would not be persuaded by Defendant's arguments that those factors weigh against granting a discretionary extension, under the circumstances.  For example, the Court is not persuaded that Plaintiffs were acting in bad faith because Defendant's mother told Plaintiffs' process server that Defendant no longer lived at the mother's residence, especially in light of the results of the research that Plaintiffs and their process server had conducted.  In addition, the Court is not persuaded that Plaintiffs did not exercise due diligence because they rejected Defendant's offer (communicated by email messages on May 13 and 14, 2010) to waive service.  Evidence submitted by Defendant indicates that the offer was not unconditional, but was conditioned on Defendant's settlement offer.[17]  Given this fact, Plaintiffs can hardly be found to not have been diligent by refusing to accept Defendant's settlement offer.  Setting aside the conditional nature of the settlement offer, the Court is uncertain how Plaintiffs can be found to not have been diligent by not accepting Defendant's offer to waive service, given that Plaintiffs' acceptance of such an offer would have conferred on their adversary an extension of the time to answer, under Fed. R. Civ. P. 4(d)(3).

Finally, a few words are appropriate regarding the motion for leave to file a sur-reply that Plaintiffs filed on December 14, 2010.  As explained above in Part I.B. of this Decision and Order, while the Court conditionally granted that motion on December 15, 2010, the Court stated

---

[17]     (*See* Dkt. No. 63, Attach. 1. ¶ [Altman Decl., stating that "I do not attach [the emails in question] because [they] contained a settlement offer"]; *cf.* Dkt. No. 63, Attach. 7, at 1 [attaching email message sent by Altman on Aug. 9, 2010, in which he referred to his prior offer to accept service in conjunction with his offer to send sworn declarations evidencing his client's lack of liability, which "conclusively demonstrate[]" the absence of a claim, warranting the withdrawal of the complaint].)

that, when deciding Defendant's underlying motion to dismiss, should the Court agree with

Defendant's objections to Plaintiffs' motion for leave to file a sur-reply, the Court would *sua*

*sponte* reconsider its granting of Plaintiffs' motion, and consider Defendant's request for

sanctions based on her argument that Plaintiffs' motion improperly attached the two above-

described email messages from defense counsel containing confidential settlement

communications.

The Court has reviewed the two email messages in question.  As an initial matter, the

Court finds that Defendant could have rather easily redacted the portions of the email messages

that regard settlement, and provided the remainder of those email messages to the Court.

Moreover, with respect to the limited portions of the email messages that do regard settlement,

the Court is not certain that those portions must be excluded, given their purpose under the

circumstances.  *See* Fed. R. Evid. 408 ("This rule does not require exclusion if the evidence is

offered for purposes not prohibited by subdivision (a).  Examples of permissible purposes

include . . . negating a contention of undue delay . . . .").  For example, Defendant herself

attempts to use the rejection of her settlement offer for the purpose of showing that Plaintiffs are

acting without due diligence.  Furthermore, even if the material in question must normally be

excluded, it is arguable that Defendant has waived the protections of Fed. R. Evid. 408 by

introducing (and using) the information contained therein, elsewhere in this proceeding.  (*See*

Dkt. No. 63, Attach. 7, at 1 [attaching email message sent by Altman on Aug. 9, 2010, in which

he referred to his prior offer to accept service in conjunction with his offer to send sworn

declarations evidencing his client's lack of liability, which "conclusively demonstrate[]" the

absence of a claim, warranting the withdrawal of the complaint].)

However, the Court does not find itself in need of any of the information provided by

Plaintiffs in their sur-reply.  As a result, the Court *sua sponte* reconsiders its granting of

Plaintiff's motion for leave to file a sur-reply, denies that motion, and strikes that sur-reply from the docket. The Court denies Defendant's request for sanctions as without cause and (alternatively) as procedurally improper (being unsupported by either a memorandum of law or affidavit, as required under Local Rule 7.1).

For these reasons, the Court grants Plaintiffs a discretionary extension to effectuate proper service upon Defendant. Plaintiffs have thirty (30) days to effectuate such service.

### B.    Statute of Limitations

As stated above in Part I.B. of this Decision and Order, Defendant argues that the three-year limitations period set forth in 17 U.S.C. § 507(b) bars the assertion of the copyright claim in Plaintiffs' Amended Complaint for the following three reasons: (1) the three-year limitations period started running on April 12, 2007 (when the alleged infringement occurred and was also discovered) and (absent the availability of equitable tolling or the "relation back" doctrine) expired on April 12, 2010, approximately two and a half months before Plaintiffs filed their Amended Complaint on June 28, 2010; (2) equitable tolling does not apply under the circumstances, and (3) the copyright infringement claim by the five above-captioned entities against Kimberly Frawley in the Amended Complaint does not "relate back" to the copyright infringement claim by the original thirteen entities, include the five above-captioned, against "Doe # 3" in the original Complaint. (Dkt. No. 63, Attach. 11, at 10-15.)

In response, Plaintiffs argue that their Amended Complaint is timely because either (1) the copyright infringement claim asserted in that Amended Complaint should be equitably tolled for the duration of the stay of discovery that ensued following the filing of Defendant's appeal to the Second Circuit (regarding the denial of her motion to quash Plaintiffs' subpoena of SUNY-Albany), or (2) that Amended Complaint "relates back" to Plaintiffs' original Complaint under the Supreme Court's recent decision in *Krupski v. Costa Crociere*, 130 S. Ct. 2485 (2010), and

its progeny.  (Dkt. No. 64, at 3-5, 14-19.)

In reply, Defendant argues that Plaintiffs are not entitled to equitable tolling because the stay of discovery referenced by Plaintiffs did not prevent them from uncovering Defendant's identity, and the Supreme Court's recent decision in *Krupski v. Costa Crociere*, 130 S.Ct.  2485 (2010), does not upset Defendant's argument that Plaintiffs' Amended Complaint does not "relate back."  (Dkt. No. 65, at 9-12.)

The statute of limitations for copyright infringement is three years under 17 U.S.C. § 507(b) (2010).  Here, the alleged infringement took place on April 12, 2007.  (Dkt. No. 1, Attach. 2, at 3 [Doe #3 Shared Files Ex.].)  The original Complaint was filed on July 17, 2008. (Dkt. No. 1.)  The Amended Complaint first naming Defendant was filed on June 28, 2010. (Dkt. No. 53.)[18]

### 1.       Relation-Back Doctrine

Generally, where an amended complaint replaces a "John Doe" defendant with a named party, the Second Circuit permits such an amendment to "relate back" to the original complaint for purposes of the statute of limitations only when all of the specifications of Fed. R. Civ. P. 15(c) have been met.  *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468 (2d. Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996).  Rule 15(c) of the Federal Rules of Civ. Procedure provides as follows:

---

[18]      While Defendant argues that the statute of limitations began to run at the time of actual infringement (the "injury rule") and not upon the discovery of the infringement by Plaintiffs (the "discovery rule"), it appears from the papers that Plaintiffs discovered the alleged infringement as it was happening.  As a result, under either the injury rule or the discovery rule, the statute of limitations is presumed in this Decision and Order to have begun running on April 12, 2007.

Relation Back of Amendments.

> *(1) When an Amendment Relates Back.* An amendment to a
> pleading relates back to the date of the original pleading when:
>
> > **(A)** the law that provides the applicable statute of
> > limitations allows relation back;
> >
> > **(B)** the amendment asserts a claim or defense that arose
> > out of the conduct, transaction, or occurrence set
> > out--or attempted to be set out--in the original pleading;
> > or
> >
> > **(C)** the amendment changes the party or the naming of
> > the party against whom a claim is asserted, if Rule
> > 15(c)(1)(B) is satisfied and if, within the period
> > provided by Rule 4(m) for serving the summons and
> > complaint, the party to be brought in by amendment:
> >
> > > **(i)** received such notice of the action that it will
> > > not be prejudiced in defending on the merits;
> > > and
> > >
> > > **(ii)** knew or should have known that the action
> > > would have been brought against it, but for a
> > > mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).  Applying this rule to the facts presented in *Barrow*, the Second Circuit

held that an amendment replacing "John Doe" defendants with named parties did not "relate

back" to the original complaint for purposes of the statute of limitations because the initial

failure to name the "John Doe" defendants was not due to a "mistake" (as required by Fed. R.

Civ. P. 15[c][1][C][ii]) but a lack of knowledge as to their identity.  *Barrow*, 66 F.3d at 469-70.

However, several district courts in the Second Circuit have held that there is an exception

to the "lack of knowledge is not a mistake" rule set forth in *Barrow*, where the "Doe" defendant

frustrates the plaintiff's efforts to identify that defendant within the statute of limitations period.

*See, e.g., Byrd v. Abate,* 964 F. Supp. 140, 145 (S.D.N.Y. 1997) (relying on fact that, in response

to plaintiff's "series of efforts" to obtain identity of "Doe" defendant, defense counsel first stated

that identity "was not yet known" and then refused to make timely disclosure); *Jennings v. DOJ Serv.*, 02-CV-1405, 2008 U.S. Dist. LEXIS 61763, at *13-17 (N.D.N.Y Mar. 26, 2008) (Kahn, J.) (relying on fact that, in response to "reasonable steps" taken by plaintiff to obtain identity of "Doe" defendants, including motion to compel, defense counsel first referred plaintiff to third party that had refused to provide information, and then moved to dismiss action based on untimeliness); *Selinger v. City of N.Y.*, 08-CV-2096, 2009 U.S. Dist. LEXIS 55207, at *14 (S.D.N.Y. June 30, 2009) (relying on fact that, in response to plaintiff's request for identity of two "Doe" defendants, defense counsel failed to identify those "Doe" defendants); *Archibald v. City of Hartford,* 09-CV-1558, 2011 WL 1770952, at *11 (D. Conn. May 9, 2011) (relying on fact that, in response to plaintiff's discovery requests seeking identities of "Doe" defendants, defense counsel submitted "unsatisfactory" responses, and either "completely rebuffed or substantially delayed" plaintiff).[19]

Under the legal standard applied in *Byrd* and its progeny, which the Court follows here, Plaintiffs' Amended Complaint relates back to their original Complaint, in light of Plaintiffs' efforts to discover Defendant's identity well before the statute of limitations had run, and Defendant's frustration of these efforts. More specifically, here, as in *Byrd*, Defendant had actual notice of the claims against her, demonstrating the lack of prejudice to her in defending

---

[19]     This exception appears consistent with the Supreme Court's decision in *Krupski v. Costa Crociere*, 130 S. Ct. 2485, 2490 (2010), which treated notice to the defendants rather than knowledge of the plaintiffs as the central issue in determining whether the relation-back doctrine applies. *Krupski v. Costa Crociere*, 130 S. Ct. 2485, 2490 (2010) (holding that an amended complaint related back to the original complaint when the actual defendant, named in the amended complaint, knew that they should have been named in the original complaint regardless of the plaintiff's knowledge of the mistake). The Court notes that there appears to be split in the district courts in the Second Circuit as to whether *Barrow* remains good law, in light of *Krupski*. Because the total abrogation of *Barrow* would result in the same conclusion by the Court as the creation of a mere exception to *Barrow*, the Court need not, and does not, take a side in that split.

Plaintiffs' claim on the merits.  (Dkt. No. 21 [Notice of Appearance on behalf of Doe #3].)

Indeed, Defendant has actively defended these claims through counsel since October 1, 2008.

(Dkt. No. 21.)  Moreover, while Plaintiffs did not act with "due diligence" in trying to effectuate

service upon Defendant, Plaintiffs have made repeated efforts to discover the identity of

Defendant prior to the running of the statute of limitations, described above in Parts IV.A.1. and

IV.A.2. of this Decision and Order.  Furthermore, Defendant has consistently frustrated

Plaintiffs' efforts to discover her identity, as described above in Part IV.A.3. of this Decision and

Order.[20]  As a result, the disclosure of Defendant's identity occurred only after the limitation

period had run.  (Dkt. No. 64, Attach. 1, at 7 [SUNY-Albany Letter Identifying Def. as Doe #3].)

For all of these reasons, the Court finds that Plaintiffs' Amended Complaint "relates

back" to their original Complaint for purposes of the statute of limitations.

## 2.    Equitable Tolling Principles

In the alternative, the Court finds that equitable tolling would render Plaintiffs' Amended

Complaint timely.  This is because such tolling is within the Court's discretion when the plaintiff

(1) was diligent in pursuing the claims against the defendant, and (2) was prevented from filing

an adequate complaint due to extraordinary circumstances.  *Johnson v. Nyack Hosp.*, 86 F.3d 8,

12 (2d Cir. 1996).  While Plaintiffs did not act with "due diligence" in trying to effectuate

service upon Defendant, they have continuously pursued their claims against Defendant, as

discussed above in Parts IV.A.1. and IV.A.2. of this Decision and Order).  However, they have

been prevented from filing a timely Amended Complaint due to extraordinary circumstances,

specifically, Defendant's consistent efforts to frustrate Plaintiffs' attempts at learning her

identity, described above in Part IV.A.3. of this Decision and Order.

---

[20]    The Court notes that Plaintiffs' subpoena of SUNY-Albany's records was the *only* possible means of determining Defendant's identity in this case.  (Dkt. No. 40, at 12 [Report-Rec.].)

For each of these two alternative reasons, the Court finds that Plaintiffs' Amended Complaint is not time-barred.

**ACCORDINGLY**, it is

**ORDERED** that, based on the Court's *sua sponte* reconsideration of its Text Order of December 15, 2010, Plaintiffs' motion for leave to file a sur-reply (Dkt. No. 66) is **<u>DENIED</u>**, and that sur-reply (Dkt. No. 67) shall be **<u>STRICKEN</u>** from the docket; and it is further

**ORDERED** that Defendant's motion for sanctions (Dkt. No. 67) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No.  63) is **<u>DENIED</u>**; and it is further **ORDERED** that Plaintiffs be granted **THIRTY (30) DAYS** to properly serve Defendant; and it is further.

**ORDERED** that this case is referred back to Magistrate Judge Randolph F. Treece for a pretrial conference pursuant to Rule 16 to set pretrial scheduling deadlines.

Dated: July 21, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge