UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UMG RECORDINGS, INC.; CAPITOL
RECORDS, LLC; INTERSCOPE RECORDS;
MOTOWN RECORD CO., L.P.; and SONY
MUSIC ENTM'T,
                                                       1:08-CV-0765
                      Plaintiffs,                (GTS/RFT)

v.

KIMBERLY FRAWLEY,

                      Defendant.
_____

APPEARANCES:                                           OF COUNSEL:

LECLAIR KORONA GIORDANO COLE, LLP      STEVEN E. COLE, ESQ.
   Counsel for Plaintiffs
150 State Street, Suite 300
Rochester, New York 14614

LAW OFFICES OF RICHARD A. ALTMAN        RICHARD A. ALTMAN, ESQ.
   Counsel for Defendant
285 West Fourth Street
New York, New York 10014

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this copyright infringement action filed by the five above-captioned entities ("Plaintiffs) against Kimberly Frawley ("Defendant") pursuant to 17 U.S.C. § 101 et seq., is Defendant's motion for summary judgment. (Dkt. No. 86.) For the reasons set forth below, Defendant's motion is denied without prejudice.

I.      RELEVANT BACKGROUND

In their motion papers, the parties have demonstrated an accurate understanding of the claims asserted in Plaintiffs' Amended Complaint, the procedural history of this action, the legal arguments in support of and opposition to Defendant's motion, and the legal standard governing that motion. As a result, the Court will not recite that information in this Decision and Order, which is intended primarily for the review of the parties.

II.     ANALYSIS

After carefully considering the parties' motion papers, the Court concludes that Plaintiffs have shown by declaration that–due to an inadequate opportunity to conduct written discovery of Defendant and depositions of Defendant, her father, her roommates and the others she asserts had access to her computer–Plaintiffs cannot present facts essential to justify their opposition of Defendant's motion, warranting denial of Defendant's motion without prejudice pursuant to Fed. R. Civ. P. 56(d). The Court reaches this conclusion for the reasons stated in Plaintiffs' motion papers. (*See generally* Dkt. No. 87, at 13-15 [Plfs.' Opp'n Memo. of Law]; Dkt. No. 87, Attach. 4 [Decl. of Att'y Oppenheim].)

The Court would add only four brief points. First, the Court is tempted to conclude that the evidence that Plaintiffs have already adduced in opposition to Defendant's motion (i.e., evidence identifying Defendant by her Internet Service Provider as the individual responsible for the Internet Protocol address through which Plaintiffs' copyrighted works were distributed, as well as evidence of a match between the Ares file-sharing service username and Defendant's actual name, specifically, "kim5124") creates a genuine dispute of material fact sufficient to reach a jury, warranting the denial of Defendant's motion *with prejudice*. *See Warner Bros.*

*Records Inc. v. Duarte,* 06-CV-0615, Memorandum and Recommendation, at 3-4 (W.D. Tex. filed May 2, 2007) (Primomo, M.J.) ("Plaintiffs respond with competent summary judgment evidence showing that on three separate occasions in June 2004, their investigators detected their copyrighted sound recordings were being distributed over the Internet from IP addresses registered to [Defendant]. . . .  This evidence is sufficient to raise a genuine issue of material fact whether Duarte committed the alleged copyright infringement."), *adopted*, Order Accepting Magistrate Judge's Recommendation (W.D. Tex. filed June 6, 2007) (Garcia, D.J.).[1]

Such a conclusion appears especially appropriate given that Defendant's two affidavits indicate that (1) during the time in question (i.e., April 12, 2007), she had at least as much access to her computer as other individuals who assertedly had access to it, and (2) the Ares username referenced by Plaintiffs was *identical* to the identification she used in her AOL Instant Messaging program.  (Dkt. No. 86, Attach. 1; Dkt. No. 92.)  However, in order to give the parties a further opportunity to brief the issue of the sufficiency of this evidence (in opposing a motion for summary judgment), the Court will address the issue on Defendant's renewed motion for summary judgment (should she choose to file that motion and should that motion raise the issue).[2]

---

[1] *Cf. Sony Pictures Home Entm't v. Lott*, 471 F. Supp.2d 716, 721 (N.D. Tex. 2007) (granting plaintiffs' motion for summary judgment on their copyright-infringement claim of downloading and distributing motion pictures, where plaintiffs adduced evidence that defendant "was the individual assigned the IP address 70.249.15.221 at the time and on the date that the infringement of the Motion Pictures occurred," and defendant "failed to set forth competent summary judgment evidence that raised a genuine issue of material fact regarding his theory [that he was not the one using the IP address 70.249.15.221 to download the Motion Pictures]").

[2] Similarly, the Court is tempted to reject Defendant's argument that the Connelly Declaration adduced by Plaintiffs (Dkt. No. 87, Attach. 1) is inadmissible. (Dkt. No. 93, at 10-12 [attaching pages "6" through "8" of Def.'s Reply Memo. of Law].)  However, the Court will also address the issue of the sufficiency of the Connelly Declaration on Defendant's renewed motion for summary judgment (should Plaintiffs' briefing of that motion raise the issue).

Second, the Court rejects Defendant's argument that "the only way to create a question of fact is by the admissible testimony of someone [other than Defendant]." (Dkt. No. 86, Attach. 7, at 12.)  Under the circumstances, a genuine dispute of material fact could of course be created by documentary evidence (if it sufficiently identifies Defendant) and/or the admissions of Defendant herself.

Third, the Court rejects Defendant's argument that "[w]anting to cross-examine the defendant in the hope that she must be lying is not what [Fed. R. Civ. P. 56(d)] is about." (Dkt. No. 86, Attach. 7, at 18.)  As an initial matter, it is not a cross-examination that Plaintiffs seek (something typically performed when the defendant is summoned to court for a trial or a hearing), but a simple deposition.  In any event, Defendant's argument that she can use two affidavits in support of her motion for summary judgment, and deny Plaintiffs a reasonable opportunity to depose the affiants before opposing the motion, is so lacking in merit as to border on frivolousness.[3]

---

[3] *See, e.g., U.S. v. Certain Real Prop. Located on Hanson Brook*, 141 F.R.D. 221, 222 (D. Me. 1992) ("In the interest of fairness, despite the [fact that the government represented that Claimants could have conducted the depositions they seek many months ago], the Court will permit the reopening of discovery for thirty days only to permit Claimants to seek evidence with which to oppose the summary judgment motion by . . . [deposing] the affiants . . . within ten days of the date of this order . . . ."); *see also U.S. Fidelity and Guar. Co. v. Frosty Bites, Inc.*, 325 F. Supp.2d 390, 399-400 (S.D.N.Y. 2004) (denying without prejudice defendant's motion for partial summary judgment, because plaintiff had not yet had an adequate opportunity to conduct depositions), *vacated in part on other grounds*, 350 F. Supp.2d 508 (S.D.N.Y. 2004); *Moss v. Enlarged City School Dist. of City of Amsterdam,* 166 F. Supp.2d 668, 671-72 (N.D.N.Y. 2001) (denying without prejudice plaintiff's motion for summary judgment, because defendants had not yet had an adequate opportunity to conduct depositions) (Kahn, J.); *John Hancock Prop. and Cas. Ins. Co. v. Univ. Reins. Co., Ltd.,* 147 F.R.D. 40, 44, 47 (S.D.N.Y. 1993) (granting defendant's motion to postpone consideration of plaintiffs' summary judgment motion, because, "[a]lthough [defendant] was not denied access to information by its opponent, it nonetheless has been unable to obtain discovery [including the deposition testimony] from its former employees").

Similarly without merit is Defendant's argument that the evidence that Plaintiffs submit in opposition to Defendant's motion for summary judgment must be limited (as a matter of procedure) to the information that they needed to possess before they filed this action pursuant to their duty under Fed. R. Civ. P. 11(b)(3).[4] Clearly, Plaintiff's counsel fulfilled his obligation under Fed. R. Civ. P. 11(b)(3).[5] Moreover, clearly, a plaintiff opposing a defendant's motion for summary judgment is not limited to the evidence it possessed before it filed its action.[6]

Fourth, and finally, Defendant is advised that, given Defendant's admissions that her father discarded her computer in January 2008), only six months before Defendant assertedly

---

[4] (Dkt. No. 86, Attach. 7, at 19 [attaching page "15" of Def.'s Memo. of Law, arguing, "Plaintiffs must be presumed to have had evidence in their possession, prior to the commencement of this action, which enabled them to conclude that they were about to sue the correct defendant–or at least, that they had sufficient evidence to comply with their pre-filing obligations under Rule 11. They can produce that evidence in response to this motion. No discovery from the defendant is necessary or can change the outcome here."].)

[5] Of course, Fed. R. Civ. P. 11(b)(3) requires only that, at the time Plaintiffs' counsel signed the Complaint, he could properly certify that, "to the best of [his] . . . knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions [in Plaintiffs' pleadings] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b)(3). Here, Plaintiffs' Complaint was properly qualified as being based on "information and belief," and in any event was based on sufficient evidence (some of which was attached to the Complaint). (Dkt. No. 1.)

[6] *See* Fed. R. Civ. P. 56(c)(1)(A) & (d)(2) (providing that a party opposing a motion for summary judgment may rely on post-filing discovery, and providing a procedure for such a party to defer the court's decision to enable the party to conduct further discovery); *see, e.g., CQ Intern. Co., Inc. v. Rochem Intern., Inc., USA*, 659 F.3d 53, 62-63 (1st Cir. 2011) (reflecting that party's factual contentions made at the summary judgment stage, "after the benefit of the discovery period," were different than those made at the pleading state); *cf. Vance By and Through Hammons v. U.S.*, 90 F.3d 1145, 1149 (6th Cir. 1996) ("[T]he evidence that defendant faulted [plaintiff] for not providing [in opposition to defendant's motion for summary judgment] is evidence which [plaintiff] was neither required nor likely to have obtained prior to filing suit.").

first learned of this litigation (in July 2008), an inquiry into sanctions is not out of the realm of possibility in this action, should discovery unearth evidence of spoliation.  (Dkt. No. 86, Attach. 1, at ¶ 9; Dkt. No. 86, at ¶¶ 3-6; Dkt. No. 92, at ¶ 4.)

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 86) is **DENIED** without prejudice; and it is further

**ORDERED** that this case is referred to United States Magistrate Judge Randolph F. Treece for a Rule 16 pretrial conference.

Dated: March 23, 2012
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge